# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN BURGETT, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No.: 5:20-cv-01218 ) ) Judge John R. Adams |
| v. | ) ) |
| GOJO INDUSTRIES, INC., | ) ) |
| Defendant. | ) ) ) |

## JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Representative Plaintiff Jonathan Burgett ("Burgett") and GOJO Industries, Inc. ("GOJO" or "Defendant") (collectively, the "Parties") respectfully move this Honorable Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and issue a Final Order approving the Settlement as fair and reasonable, dismissing this litigation (the "Action") with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

1. Burgett commenced the Action on behalf of himself and all others allegedly similarly situated to him with respect to the claims he asserted.

2. On June 3, 2020, Burgett filed his Complaint against Defendant alleging that Defendant failed to pay him and allegedly similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), R.C. § 4111.03. (ECF No. 1.)

3. Specifically, Burgett alleged that he and other allegedly similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) getting tools and equipment that were necessary to perform their work; b) attending meetings and getting instructions about the work they needed to perform; c) walking to their assigned area of the floor; and/or d) performing their work. (ECF No. 1.)

4. Defendant denied these allegations and maintained it properly paid Burgett and all other employees for all hours worked. (ECF No. 4.)

5. On November 25, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to conditional certification of the claims with respect to the following collective:

> All current and former full-time, non-exempt Production Associates, Maintenance Mechanics, and Warehouse Associates employed by GOJO at its Wooster, Ohio and Cuyahoga Falls, Ohio campuses (excluding temporary workers employed through third-party staffing agencies) between three (3) years prior to date of mailing the proposed notice and the date of mailing the proposed notice.

(ECF No. 13.)

6. On December 7, 2020, this Court approved the Parties' Joint Stipulation to Conditional Certification and Notice (the "Notice"). (ECF No. 14.)

7. On or about January 8, 2021, the Notice was mailed to potential collective members, and the Notice Period closed on or about February 1, 2021.

8. In addition to Burgett, 29 individuals in the putative collective opted in as Opt-In Plaintiffs (collectively "Plaintiffs"). (Declaration of Robert Kapitan, attached as Exhibit 2 at ¶ 1.)

9. Between September 2020 and September 2021, the Parties exchanged information and documents regarding the Parties' legal and factual positions and defenses. The Parties also

engaged in extensive settlement negotiations through correspondence and numerous telephone discussions regarding the calculation of Plaintiffs' alleged damages, attorneys' fees, and potential resolution of Plaintiffs' claims. (*Id.* at ¶¶ 13-17.)

10. In an effort to reach a compromise and avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1. (Exhibit 2 at ¶ 17.)

11. The Parties engaged in substantial investigation of the claims, and formal and informal discovery, prior to negotiating the Settlement. (*Id.* at ¶ 14.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific Complaint for the Court and Defendant. (*Id.* at ¶ 13.)

12. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis of time and pay records, and calculations of Plaintiffs' alleged overtime damages. (Exhibit 2 at ¶ 14.)

13. The Parties engaged in extensive legal discussions, which included numerous and lengthy discussions between Counsel for the Parties. (*Id.* at ¶ 15.)

14. Disputes exist between the Parties, including whether each individual Plaintiff performed work duties off-the-clock, and the amount of time spent on off-the-clock work; whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA; and whether Plaintiffs are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA. (*Id.* at ¶ 24.)

15. Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act in willful disregard of the law and it has a good faith defense. (*Id.* at ¶ 24.)

16. The Settlement covers Burgett and the 29 Opt-In Plaintiffs who opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id*. at ¶¶ 21-22.) Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the Opt-In Plaintiffs already consented to Burgett as the Representative Plaintiff and to be bound by any settlement and/or judgment in this case, no fairness hearing is required or requested by the Parties.[1]

17. Plaintiffs will each receive an individualized payment which is based proportionally on each Plaintiff's alleged overtime damages during the Released Period (the "Individual Payments"). (*Id*. at ¶ 22.)

18. Between June 2017 and September 2021 (the "Released Period"), Plaintiffs allege they were denied overtime compensation for approximately 15 to 30 minutes of unpaid work per shift. Defendant denies that Plaintiffs are owed any additional overtime compensation and maintains that they were properly paid for all hours worked. (*Id*. at ¶ 24.)

19. The Settlement Agreement provides that Forty Thousand Dollars ($40,000.00) will be paid to Plaintiffs for alleged damages over the three-year statute of limitations period. As such, pursuant to the Settlement, each Plaintiff will receive all of their alleged unpaid overtime compensation for 23 minutes of alleged unpaid work per shift. (*Id*. at ¶ 22.)

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

20. Plaintiffs' counsel Robert Kapitan believes that the proposed Settlement is fair and reasonable in light of Defendant's good faith defenses, and in the best interest of Plaintiffs. (*See* Exhibit 2.)

21. The proposed Settlement is contingent upon the Court's review and approval and issuance of a Final Order approving the Settlement as fair and reasonable.

22. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii) and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

## **MEMORANDUM OF LAW**

The proposed Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As shown in the attached Declaration of Robert B. Kapitan, and as explained below, Court approval is warranted on all scores.

### A. **The Seven-Factor Standard Is Satisfied**

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 16(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir.1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below and in the Kapitan Declaration (*see* Exhibit 2), the standard supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny that applies to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999). All components of the proposed distribution are proper and reasonable, and the settlement as a whole is fair, reasonable and adequate for Plaintiffs.

Here, the seven-factor standard supports approval of the Settlement. The parties' counsel have extensive experience litigating FLSA claims and there is no fraud or collusion. (*See* Exhibit 2.) The expense and likely duration of continued litigation favor approval, in that wage-and-hour cases for groups of employees are always expensive and time-consuming. Along with extensive formal discovery, the Parties have engaged in substantial investigation and exchange of records prior to and during the negotiations, and the issues are well understood by both sides. (*Id*. at ¶¶ 13-17.) The outcome is uncertain for Plaintiffs, and the risks of continued litigation are evident for both sides. (*Id*. at ¶ 30.) The opinions of experienced counsel of the parties support the Settlement, as does the Representative Plaintiff. (*See* Exhibit 2.)

All Individual Payments were calculated proportionally on each Plaintiff's alleged overtime damages during the Released Period. (*Id*. at ¶ 22.)

If approved by the Court, the Proposed Settlement will provide adequate payments to the Plaintiffs for unpaid overtime compensation. Plaintiffs' Counsel calculated the alleged overtime compensation by adding twenty-three minutes to each day worked by Plaintiffs. (*Id*. at ¶ 22.) Any unpaid overtime compensation earned after adding the additional hour was multiplied by one and one-half times the Plaintiffs' regular rate. (*Id*. at ¶¶ 22-23.)

Between June 2017 and September 2021, Plaintiffs were allegedly denied between 15 and 30 minutes of overtime compensation for unpaid work each shift. As a compromise of this dispute, Plaintiffs will receive more than 100% of their pay for twenty-three minutes for each shift, which amounts to approximately $37,532.21 in overtime compensation for the three-year statute of limitations period. (*Id*. at ¶ 22.) Accordingly, the settlement proceeds are fair, reasonable, and adequate.

C. **Plaintiffs' Counsel's Fees and Expenses Are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

The Sixth Circuit underscored that "an award of attorney fees … 'encourage[s] the vindication of congressionally identified policies and rights,'" and thus "we have 'upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.'" *Fegley*, 19 F.3d at 1134-35, quoting *United Slate,* 732 F.2d at 502; *Posner v. The Showroom, Inc.,* 762 F.2d 1010, 1985 WL 13108 at *2 (6th Cir.1985). In *Fegley*, the Court upheld an award of $40,000.00 in fees even though the plaintiff recovered $7,680.00 in damages. *Id*. Courts outside the Sixth Circuit similarly do not place an undue emphasis on the amount of the plaintiff's

recovery. *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir.1994), citing *Posner v. The Showroom, Inc.,* 762 F.2d 1010 (6th Cir.1985) (internal quotations omitted). See also *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) (upholding award of $9,250 in attorney's fees even though Plaintiff recovered only $1,698.00); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) (affirming award of $100,000 in attorney's fees for a recovery of $20,000); *Gonzalez v. Bustleton Services, Inc.*, 2010 U.S. Dist. LEXIS 85153 (E.D. Pa. Aug 10, 2010) (awarding $76,066 in fees and costs after FLSA trial in which plaintiffs recovered $18,496); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) (awarding $43,797 in fees even though plaintiffs' combined damages totaled only $2,137.97); *Heder v. City of Two River*s, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (awarding $36,204.88 in fees even though plaintiff's damages totaled only $3,540.00).

Plaintiffs' Counsel's attached Declaration details the time and effort required to litigate this Action and negotiate the Settlement, which demonstrates the reasonableness of the proposed fees and expenses. (*See* Exhibit 2.). The litigation expenses sought to be reimbursed are proper and reasonable. Further, Plaintiffs' Counsel has incurred expenses in the amount of $3,000.00, which includes costs for issuance and administration of the Notice to potential opt-in plaintiffs, the filing fee and postage for serving the complaint, and miscellaneous litigation expenses. (*Id.* at ¶ 26.) All expenses were incurred during the course of the litigation of this Action or will be incurred during the administration of the Notice to the Class of the Settlement. (*Id.* at ¶ 27.)

## **CONCLUSION**

The Parties jointly submit this Settlement as a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order of Final Approval of Settlement; (2) approve Plaintiff's Counsel's request for attorneys' fees, costs,

and expenses; (3) approve Named Plaintiff's service award; (4) enter the proposed Order of Dismissal; and (5) retain jurisdiction to enforce the Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ *Robert B. Kapitan* <br> Anthony J. Lazzaro (0077962) <br> Robert B. Kapitan (0074327) <br> Lori M. Griffin (0085241) <br> The Lazzaro Law Firm LLC <br> The Heritage Building, Suite 250 <br> 34555 Chagrin Boulevard <br> Moreland Hills, Ohio 44022 <br> Phone: 216-696-5000 <br> Facsimile: 216-696-7005 <br> robert@lazzarolawfirm.com <br> anthony@lazzarolawfirm.com <br> lori@lazzarolawfirm.com <br><br> Attorneys for Plaintiffs | /s/ *Ashley M. Manfull* <br> Ashley M. Manfull (0071372) <br> **VORYS, SATER, SEYMOUR AND PEASE LLP** <br> 106 S. Main Street, Suite 1100 <br> Akron, OH 44308 <br> (330) 208.1042 <br> (330) 208.1086 facsimile <br> ammanfull@vorys.com <br><br> and <br><br> Charles F. Billington (0082143) <br> **VORYS, SATER, SEYMOUR AND PEASE LLP** <br> 200 Public Square, Suite 1400 <br> Cleveland, OH 44114 <br> (216) 479.6111 <br> (216) 937.3756 facsimile <br> cfbillington@vorys.com <br><br> and <br><br> George L. Stevens (0092609) <br> **VORYS, SATER, SEYMOUR AND PEASE LLP** <br> 52 East Gay Street <br> Columbus, OH 43215 <br> (614) 464.6328 <br> (614) 719.4678 facsimile <br> glstevens@vorys.com <br><br> Attorneys for Defendant |

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2021, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ *Robert B. Kapitan*
Robert B. Kapitan (0074327)
Attorney for Plaintiffs