# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio (the "District Court"), Eastern Division, Plaintiff Jonathan Burgett, individually and on behalf of all Plaintiffs, and GOJO Industries, Inc. ("Defendant") agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Jonathan Burgett v. GOJO Industries, Inc.,* Case No. 5:20-cv-01218.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Robert B. Kapitan, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" shall mean Jonathan Burgett.

4. "Plaintiffs" shall include Representative Plaintiff and the 29 Opt-In Plaintiffs listed in Exhibit 1.

5. "Defendant" shall mean GOJO Industries, Inc.

6. "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7. "Released Period" shall mean the following: (a) for Representative Plaintiff, the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement; and (b) for Opt-In Plaintiffs, the period of three years prior to the date each Opt-In Plaintiff opted into the Action through and including the date on which the Court gives approval of the Settlement.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On June 3, 2020, Representative Plaintiff commenced this Action on behalf of himself and all others allegedly similarly situated to him with respect to the claims he asserted against Defendant.

11. In the Action, Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other allegedly similarly-situated employees for all time worked

and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours worked over 40 each workweek.  Specifically, Representative Plaintiff alleged that he and other allegedly similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: (a) getting tools and equipment that were necessary to perform their work; (b) attending meetings and getting instructions about the work they needed to perform; (c) walking to their assigned area of the floor; and/or (d) performing their work.

12. Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment.  Defendant denies these allegations.  The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA, whether Plaintiffs performed any work before or after the scheduled start and stop times, whether the two-year or three-year statute of limitations applies to Plaintiffs' claims, and whether Defendant acted willfully in allegedly failing to pay Plaintiffs for work performed.

13. The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between September 2020 and September 2021.  The Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents and researching the applicable law and Defendant's potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses.  *See* Exhibit 2.

15. This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## **SETTLEMENT PAYMENTS**

16. **Total Settlement Amount:** Defendant will pay in connection with the Settlement a total settlement amount of One Hundred Forty Thousand Dollars ($140,000.00), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses (the "Total Settlement Amount"). The Parties agree that as a condition precedent to Defendant paying the Total Settlement Amount, Representative Plaintiff and The Lazzaro Law Firm, LLC shall each provide Defendant with a signed IRS form W-9.

17. **Payments to Plaintiffs:** Forty Thousand Dollars and no Cents ($40,000) of the Total Settlement Amount will be paid to Plaintiffs in the individualized amounts provided in Exhibit 1 (collectively the "Individual Payments").

18. **Calculation of Individual Payments:** The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses and the Class Representative Payment from the Total Settlement Amount, have been calculated by Plaintiffs' Counsel and are based proportionally on each of the Plaintiffs' alleged overtime damages during the Released Period.

19. **Treatment of Plaintiffs' Settlement Payments:** The Individual Payments to Plaintiffs will be treated as payment for wages (less required tax withholdings under federal, state and local laws). Defendant will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes as required by law.

20. **Class Representative Payment:** Three Thousand Dollars and no Cents ($3,000.00) of the Total Settlement Amount will be paid to Representative Plaintiff as a Class Representative Payment for his service in this litigation. Defendant will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to his Class Representative Payment. Representative Plaintiff will be responsible for all taxes owed with respect to his Class Representative Payment.

21. **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Ninety-seven Thousand Dollars and no Cents ($97,000.00) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($94,000.00 in fees and $3,000.00 in expenses) incurred in the Action. Defendant will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

22. **Released Claims:** Plaintiffs will release Defendant and all of its former, current and respective owners, officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, assigns, divisions, and related and affiliated entities, including any party that could have been named as a defendant in the Action (collectively, the "Released Parties") from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted or, based on the facts as alleged in the Action, or could have been asserted in the Action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the FLSA and corresponding state wage and hour statutes, including all claims under the Ohio Minimum Fair Wages Standards Act and Ohio's Wage Payment Law for the Released Period. This release also includes but is not limited to any wage and hour claims for breach of contract, fraud, unjust enrichment, and/or negligent misrepresentation based on the facts and circumstances alleged in the Action.

a. Representative Plaintiff, in exchange for his Class Representative Payment, also releases any and all claims he may have against the Released Parties related to his employment through the date Representative Plaintiff signs this Agreement.

23. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' Counsel by Defendant, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

24. The entry of a Final order and judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

25. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

26. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

27. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of a Final Order, proposed and attached as Exhibit 3 to the Parties' Joint Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs, Representative Plaintiff, and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

28. **Dismissal with Prejudice of the Action:** Upon entry of the District Court's Final Order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

29. **Distribution Process:** Within twenty-one (21) business days after the Court's entry of a Final Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will mail the following checks to Plaintiffs' Counsel: (1) Individual Payments for the Plaintiffs; (2) the Representative Payment for the Representative Plaintiff; and (3) the attorneys' fees and expenses for Plaintiffs' Counsel. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel. Plaintiffs' counsel will deliver the checks to Plaintiffs. If any checks are returned as undeliverable, Plaintiffs' counsel will make reasonable efforts to locate the Plaintiffs and redeliver the checks. Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

        a.        The following affirmation of a complete release of all claims will be sent to Representative Plaintiff and all Opt-in Plaintiffs along with the settlement check: "By depositing or cashing this check, I reaffirm my release of all claims against GOJO Industries, Inc. and all Released Parties as defined in the Settlement as approved by the District Court in *Burgett v. GOJO Industries, Inc.,* U.S. District Court for the Northern District of Ohio, Case No. 5:20-cv-01018 ("the Lawsuit"), including but not limited to covered claims I may have under the Fair Labor Standards Act and Ohio law, for the Released Period as defined in the Settlement."

## **PARTIES' AUTHORITY**

30.    The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## **MUTUAL FULL COOPERATION**

31.    The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## **NO PRIOR ASSIGNMENTS**

32.    The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## **NO ADMISSION**

33.    Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.

## **NO ADMISSION OF CLASS LIABILITY**

34.    The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees or temporary employees or associates exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure or the Ohio Rules of Civil Procedure.

## CONSTRUCTION

35. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

36. If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent permitted under the applicable law.

## MODIFICATION

37. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

38. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

39. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

40. This Settlement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

41. If any Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

42. The Parties request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## GOVERNING LAW

43. This Agreement shall be interpreted in accordance with Ohio law.

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

44. As agreed to by all Plaintiffs in their signed Consent Form to the Important Notice to Potential Collective Action Members (and specifically, Paragraph 6 "Effect of Joining this Action") [ECF 13-1, 3], Representative Plaintiff has the authority to execute and hereby executes this Settlement on behalf of himself and in his representative capacity on behalf of the other Plaintiffs. It is agreed that it would be overly burdensome to have all of the Plaintiffs execute this Agreement. Therefore, this Agreement shall have the same force and effect as if each Plaintiff individually executed this Agreement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____        JONATHAN BURGETT

                                                                                            _____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____        GOJO INDUSTRIES, INC.

                                                                                             By: _____

                                                                                             Its: _____

Dated: _____     ROBERT B. KAPITAN
                              THE LAZZARO LAW FIRM, LLC


                              By: _____
                              Attorney for Plaintiffs


Dated: _____     CHARLES F. BILLINGTON III
                              VORYS, SATER, SEYMOUR AND PEASE LLP


                              By: _____
                              Attorney for Defendant