## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Jonathan Burgett, on behalf of himself and all others similarly situated**        ) ) ) | Case No. 5:20-cv-01218 |
| Plaintiff,        ) ) | Judge John A. Adams |
| vs.        ) ) ) | **ORDER AND JUDGMENT ENTRY** |
| **Gojo Industries, Inc.,**        ) ) ) | **APPROVING SETTLEMENT OF COLLECTIVE ACTION AND** |
| Defendant.        ) ) | **DISMISSING ACTION WITH PREJUDICE** |

THIS MATTER came before the Court upon the Parties' Joint Motion for Order and Judgment Entry Approving Settlement of Collective Action and Dismissing Action with Prejudice. Having reviewed the Motion, having reviewed the Parties' settlement papers and the amounts to be paid to Plaintiff, the Potential Opt-In Plaintiffs, and for Plaintiff's attorneys' fees and costs, and the Court being otherwise fully advised on the Motion, it is **ORDERED AND ADJUDGED** as follows:

The Joint Motion is **GRANTED**. The Court finds that the Parties' proposed agreement to settle this FLSA action (the "Settlement") was reached following arms' length negotiations between the Parties which were well-informed by a statistical expected valuation analysis. The Court finds that the Settlement is fair, reasonable and just. The Settlement is **APPROVED**.

The FLSA provides that, if the court enters judgment in favor of a plaintiff on a claim of unpaid overtime in violation of the Act, "[t]he court in such action shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The award of a reasonable fee to a prevailing plaintiff is therefore mandatory under the FLSA. A reasonable fee is "adequately compensatory to attract competent counsel" but "avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quotation omitted).  Having review the documents submitted by counsel and with knowledge of the complaint, the Court finds

the total fee award requested to be excessive. However, given that the amount was reached through arms-length negotiations and Defendant seeks to voluntarily pay the amount, the Court will ultimately approve this settlement under its particular terms.

Finally, the request for the service payment to Named Plaintiff is approved.

This Action is **DISMISSED WITH PREJUDICE** as a final judgment and this matter is closed. This Court will RETAIN JURISDICTION to enforce the Settlement.

IT IS SO ORDERED.


Date: April 26, 2023             ___/s/ John R. Adams___
                                                   JUDGE JOHN A. ADAMS